UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROBERT PIZEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-286 CAN |
| | ) | |
| MONACO COACH CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

On October 13, 2004, Defendant filed a motion for partial summary judgment, which this Court granted on February 11, 2005. On February 22, 2005, the Indiana Supreme Court decided the case of Hyundai Motor America, Inc. v. Goodin, 822 N.E.2d 945 (Ind. 2005), which substantially changed Indiana law regarding the requirement of vertical privity before brining a claim for breach of an implied warranty. In light of Goodin, on February 23, 2005, Plaintiff filed a motion for reconsideration of this Court's February 11, 2005 order. For the following reasons, Plaintiff's motion [Doc. No. 70] is **GRANTED IN PART** and **DENIED IN PART**.

**I.   RELEVANT BACKGROUND**

The background facts of this case are laid out in further detail in this Court's February 11, 2005 order granting summary judgment. The most relevant facts to the pending motion for reconsideration are that Plaintiff filed his complaint on May 3, 2004, alleging that his motor home contained various defects. Plaintiff asserts that Defendant breached its written and implied warranties in violation of the Magnuson-Moss Warranty Act, as codified in 15 U.S.C. § 2301 *et seq*. On October 13, 2004, Defendant filed a motion for partial summary, seeking judgment on Plaintiff's claims for breach of the implied warranties of merchantability, fitness for a particular

purpose, and habitability.  Defendant also sought judgment on Plaintiff's claims for consequential and incidental damages, revocation, and punitive damages.  On February 11, 2005, applying then existing Indiana law, this Court granted Defendant's motion for partial summary judgment on all counts.

On February 22, 2005, the Indiana Supreme Court issued its opinion in Hyundai Motor America, Inc. v. Goodin, 822 N.E.2d 947 (Ind. 2005), which significantly changed Indiana law on implied warranties.  Specifically, the Court held that vertical privity was not required before one could assert a claim of breach of the implied warranty of merchantability against a remote manufacturer.  Based upon this decision, Plaintiff immediately filed a motion for reconsideration on February 23, 2005.  Plaintiff's motion specifically stated the

> Plaintiff respectfully moves this Honorable Court to reconsider its Order grating Defendant Judgment as a Matter of Law on Plaintiff's Implied Warranty Claims including the Implied Warranty of Merchantability, the Implied Warranty of Fitness for a Particular Purpose and the Implied Warranty of Habitability.

In Defendant's response to Plaintiff's motion, it agreed that this Court's opinion regarding the implied warranty of merchantability should be revised in light of Goodin.  However, Defendant argued that Goodin did not affect this Court's ruling regarding the implied warranties of fitness for a particular purpose or habitability.  Concerned that Plaintiff might be seeking reconsideration of the entire opinion, Defendant contended that Goodin did not affect this Court's decision on the issue of revocation.  In his reply, Plaintiff then argued that the issue of revocation should also be reconsidered.  This Court may rule on Plaintiff's motion for reconsideration pursuant to the parties' consent and 28 U.S.C. § 636(c).

**II.    MOTION FOR RECONSIDERATION STANDARD**

Under Fed. R. Civ. P. 60(b), a party may move the court to reconsider its ruling in a prior order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.  <u>Bank of Waunakee v. Rochester Cheese Sales, Inc.</u>, 906 F.2d 1185, 1191 (7th Cir. 1990).

**III.   PLAINTIFF'S CLAIMS FOR BREACH OF THE IMPLIED WARRANTIES**

Plaintiff's complaint alleges that Defendant breached three implied warranties, the implied warranty of merchantability, the implied warranty of fitness for a particular purpose, and the implied warranty of habitability.  Prior to <u>Goodin,</u> Indiana law required vertical privity of contract before one could assert a claim for a breach of an implied warranty under the Uniform Commercial Code.  See <u>Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.</u>, 714 N.E.2d 1218, 1229 (Ind. Ct. App. 1999), <u>vacated in part on other grounds</u>, <u>Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.</u>, 746 N.E.2d 941 (Ind. 2001). Basing its decision upon this theory, this Court found that privity did not exist and granted Defendant's motion for partial summary judgment.  However, eleven days after this Court's order, <u>Goodin</u> changed the law

upon which this Court relied on in making its ruling. In <u>Goodin</u>, the Indiana Supreme Court recently announced that

> Indiana law does not require vertical privity between a consumer and a manufacturer as a condition to a claim by the consumer against the manufacturer for breach of the manufacturer's implied warranty of merchantability.

<u>Goodin</u>, 822 N.E.2d at 959. Therefore, contrary to this Court's original ruling, and because Plaintiff and Defendant agree that summary judgment on this issue is no longer appropriate in light of <u>Goodin</u>, this Court now **GRANTS** Plaintiff's motion for reconsideration and **DENIES** Defendant's motion for summary judgment as it relates to Plaintiff's claim for breach of the implied warranty of merchantability.

    A.    <u>Plaintiff's Claim for Breach of the Implied Warranty of Fitness for a Particular Purpose</u>

The parties agreement over the effect of <u>Goodin</u> ends with the implied warranty of merchantability claim. Plaintiff contends that <u>Goodin</u> also disposes of the privity requirement for a breach of the implied warranty of fitness for a particular purpose. Defendant however, contends that the explicit language in <u>Goodin</u> refers only to the implied warranty of merchantability and should not be extended to the implied warranty of fitness for a particular purpose.

The scope of the implied warranties of merchantability and fitness for a particular purpose are remarkably different. Ind. Code § 26-1-2-314 states that in order for goods to be merchantable they must be fit for the ordinary purposes for which such goods are used. However, Ind. Code § 26-1-2-315, which creates the implied warranty of fitness for a particular purpose, states:

4

> where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, ...there is, an implied warranty that the goods shall be fit for such purpose.

The language in the two warranties illustrates that the implied warranty of merchantability is a broad warranty that covers the consumer's reasonable expectations that a good will be fit for its ordinary use. On the other hand, the warranty of fitness for a particular purpose is more specific because it goes beyond a general common use warranty and attaches only when the seller, at the time of contracting, knew of a particular purpose for which the good would be used. In addition, this warranty requires that the consumer must have relied on the seller's knowledge in selecting the suitable good that would meet the particular purpose.

In reviewing the language of the warranties in connection with the holding in Goodin, it is clear that the Court intended to limit its holding to the implied warranty of merchantability. See e.g. Goodin, 822 N.E.2d at 948, 959 (referring explicitly to the implied warranty of merchantability). Specifically, the Court stated:

> we think that ordinary consumers are entitled to, and do, expect that a consumer product sold under a warranty is merchantable, at least at the modest level of merchantability set by UCC section 2-314, where hazards common to the type of product do not render the product unfit for normal use.

Id. at 959. Thus, the Court appears to abolish the privity requirement in the implied warranty of merchantability because this is the minimum warranty that an ordinary consumer would expect to have upon purchasing a good for normal use. In contrast, the Court did not address the implied warranty of fitness for a particular purpose, which extends beyond a consumer's minimum expectation, because this warranty is only created when the seller has knowledge that a consumer intended to use the good for a particular use. This type of knowledge is typically

only acquired when parties negotiate a contract for sale, something which remote manufacturers rarely do. To hold a manufacturer liable for a breach of the implied warranty of fitness for a particular purpose when a manufacturer is not in the position to obtain the knowledge that a good is going to be used for a particular purpose runs contrary to Indiana's Uniform Commercial Code. Although Goodin does abolish the privity requirement in regards to the warranty of merchantability, there is nothing in the opinion that suggests that the Court was attempting to completely undermine the warranty requirements set forth in Ind. Code § 26-1-2-315.

Therefore, because an implied warranty of fitness for a particular purpose requires the seller to have knowledge of a particular use and because of the limiting language in Goodin that references only the minimum warranties that consumers expect, this Court finds that Goodin only applies to the implied warranty of merchantability. Therefore, this Court **DENIES** Plaintiff's motion for reconsideration on the issue of breach of the implied warranty of fitness for a particular purpose.[1]

      B.      <u>Plaintiff's Claim for Breach of the Implied Warranty of Habitability</u>

Unlike Plaintiff's previous claims, this Court's order regarding Plaintiff's claim for breach of the implied warranty of habitability is not affected by Goodin because this Court did not base its opinion on the privity requirement. Plaintiff is attempting, yet again, to persuade this Court to create new substantive Indiana law. This Court declined to accept Plaintiff's invitation to create new law in its February 11, 2005 order. Again, this Court finds that it is appropriate to

---

[1] Defendant alternatively argues that Plaintiff's motion for reconsideration on the issue of breach of the implied warranty of fitness for a particular purpose should be denied because Plaintiff has not articulated a peculiar purpose for his use of the motor home. Defendant's motion however, sought judgment based solely upon the fact that privity did not exist. Because neither party addressed in the summary judgment filings whether Plaintiff had met his burden in proving a breach of this warranty, summary judgment on these grounds is not appropriate at this time.

let the Indiana courts or legislature develop this area of jurisprudence. As Plaintiff's motion sought reconsideration in light of Goodin and because Goodin is not applicable to the implied warranty of habitability claim, Plaintiff's motion for reconsideration on this issue is **DENIED**.

### III.    PLAINTIFF'S CLAIM FOR REVOCATION

In Plaintiff's initial motion for reconsideration he requested that this Court reconsider its order pertaining to his implied warranty claims. In Plaintiff's reply, he argues that this Court should also reconsider its order pertaining to his claim for revocation. While Plaintiff did not initially raise this issue in his motion for reconsideration, thus and one could make the argument that Plaintiff has waived his right to argue this issue, because both Defendant and Plaintiff have addressed revocation, this Court will re-examine its ruling.

As stated in this Court's previous order, one of the broad remedial goals of the Code is "that the aggrieved party be put in as good a position as if the other party had fully performed, but not in a better position." General Motors Corp. v. Sheets, 818 N.E.2d 49, 54 (Ind. Ct. App. 2004). The remedy of contract recission, or revocation, functions to restore parties to their pre-contract positions. A.J.'s Automotive Sales, Inc. v. Freet, 725 N.E.2d 955, 967-68 (Ind. Ct. App. 2000). In essence, revocation attempts to maintain the status quo. Id.

In its February 11, 2005 order, this Court stated,

> while it does not appear that Indiana has specifically addressed the issue of whether a buyer may attempt revocation against a remote manufacturer with whom no privity exists, it appears that such a claim is not consistent with the purpose of the Code.

(Feb. 11, 2005 order, pg. 15-16). This Court then noted that the code referred to the word seller, not manufacturer, when talking about revocation, indicating that revocation was only intended against a seller. Ultimately, this Court held that revocation would not be appropriate against a

remote manufacturer, absent Indiana law to the contrary, because it would not maintain the status quo.

Relying on this Court's statement on pages 15-16, Plaintiff asserts that this Court should allow a claim for revocation since vertical privity is no longer required.  Goodin however, did not address the issue of privity and revocation.  The opinion limited its privity discussion to claims for breaches of implied warranties.  In fact, Goodin actually stated that

> the remedy for breach of implied warranty of merchantability is in most cases, including this one, the difference between the value of the goods accepted and the value they would have had if they had been as warranted.[2]

Goodin, 822 N.E.2d at 959.  Thus, this Court's reasoning regarding revocation remains applicable even in light of Goodin.

Plaintiff tries to persuade this Court that Indiana law would allow for revocation because lemon laws throughout the country allow for the revocation of defective goods against a remote manufacturer.  While this Court does not dispute the existence of these laws, Indiana's laws do not contain a provision covering motor homes, but rather specifically excludes motor homes from its parameters.  See Ind. Code § 24-5-13-5.  Plaintiff states that "while this Court seems to struggle with the concept that the Defendant may not be put in the same position as it were in before sales, legislatures around the country have created lemon law statutes that do exactly that, and do so for good cause."  (Pl. Reply pg. 5).  Plaintiff's own statement supports this Court's position that this Court should only apply existing state law, while the decision to expand state

---

[2] The Goodin opinion did briefly state that "if any additional damages are available under the UCC as the result of abolishing privity, Indiana law would award the same damages under the Products Liability Act as personal injury or damage to other property from a defective product."  Goodin, 822 N.E.2d at 959 (emphasis added).  However, the Court declined to expand on what damages would be available.  Although the plaintiff in Goodin sought revocation, the Court did not address whether this was appropriate.  Since the Court declined to address whether this was an available remedy, this Court is unwilling to create new state law.

8

law to allow revocation against a remote manufacturer of motor homes should be left to Indiana's state courts and legislature. The legislature has proven that they are equipped to make this kind of decision by passing the lemon law.

Finally, Plaintiff argues that revocation should be allowed because the warranty failed of its essential purpose. Defendant raised this potential argument in its motion for summary judgment, but at no time in his response to the motion for summary judgment did Plaintiff raise this argument. In fact, in Footnote 4 of this Court's opinion, it raised the issue that Plaintiff had failed to assert this claim. A motion for reconsideration cannot be used as a tool to put forth additional evidence that could have been provided to this Court in the initial filings. Because Plaintiff could have raised this argument in its response to Defendant's motion for summary judgment, this Court will not now address it. Consequently, Plaintiff's motion for reconsideration on the issue of revocation is **DENIED**.

### IV.  PLAINTIFF'S CLAIM FOR CONSEQUENTIAL AND INCIDENTAL DAMAGES

Neither party addressed this Court's opinion in regards to Plaintiff's claim for consequential and incidental damages in their latest filings. An independent review in light of Goodin illustrates that this Court's ruling as to Plaintiff's claims that Defendant's warranty violated the Code of Federal Regulations is unchanged. However, in Plaintiff's response to Defendant's motion for summary judgment, he also argued that Defendant's reliance on Rheem Mfg. Co. v. Phelps Heating & Air Conditioning Inc., 746 N.E.2d 941 (Ind. 2001) was misplaced because the opinion did not state whether it applied to disclaimers of damages in implied warranties. This Court declined to address Plaintiff's argument after it found that privity was lacking, barring any claims for breach of the implied warranties. However, because Plaintiff's

implied warranty claims are viable, this Court finds it necessary to now address Plaintiff's argument.

The following provision is contained in Defendant's warranty:

> **THE ORIGINAL PURCHASER OF THE MOTORHOME...SHALL NOT BE ENTITLED TO RECOVER FROM WARRANTOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES RESULTING FROM ANY DEFECT IN THE MOTORHOME. THE EXCLUSION OF CONSEQUENTIAL AND INCIDENTAL DAMAGES SHALL BE DEEMED INDEPENDENT OF, AND SHALL SURVIVE, ANY FAILURE OF THE ESSENTIAL PURPOSE OF ANY LIMITED REMEDY.**

(Pl. Sum Jud. Resp. Exh. E). Ind. Code § 26-1-2-719 states that "the agreement may provide for remedies in addition to or in substitution for those provided in IC 26-1-2 and may limit or alter the measure of damages recoverable under IC 26-1-2..." In addition, Ind. Code § 26-1-2-719 states that "consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable." Limitations of remedy are not favored in Indiana and are strictly construed against the seller on the basis of public policy. Perry v. Gulf Stream Coach, Inc. 814 N.E.2d 634, 643 (Ind. Ct. App. 2004). Furthermore, a limited remedy, such as limiting damages to replacement parts, may not be valid if the warranty fails of its essential purpose. See Ind. Code § 26-1-2-719.

It appears that under Indiana law, Defendant appropriately excluded the recovery of consequential and incidental damages. See Perry v. Gulf Stream Coach, Inc., 814 N.E.2d 634, 643 (Ind. Ct. App. 2004).[3] Nowhere in any of his filings to the motion for partial summary

---

[3] Although not argued, one could possibly argue that an exclusion of consequential and incidental damages for implied warranties is not permissible under the Magnuson-Moss Act, which prohibits the disclaimer of implied warranties that might arise by way of state law. However, as stated in Hahn v. Ford Motor Co., Inc., 434 N.E.2d 943, 952-53 (Ind. Ct. App. 1982), the disclaimer of a warranty and the exclusion of a remedy are two separate

10

judgment did Plaintiff argue that Defendant was not able to limit his damages under Indiana law. Furthermore, Plaintiff never argues that the terms of the warranty are unconsciousable. In addition, Plaintiff completely failed to articulate any facts or provide any evidence in his response to the motion for summary judgment that would establish that the warranty failed of its essential purpose. Rather, Plaintiff merely argued that a case cited by Defendant, Rheem Mfg. Co. v. Phelps Heating & Air Conditioning Inc., 746 N.E.2d 941 (Ind. 2001), is not applicable to the present situation.

In Rheem, the court held that an exclusion of consequential damages may be valid even if the warranty failed of its essential purpose. Plaintiff argues that Rheem only applied to written warranties and not implied warranties. Id. at 947-50. However, because Plaintiff completely failed to articulate any facts or provide any evidence that would establish that the warranty failed of its essential purpose, this Court need not address whether Rheem extends to implied warranties. Therefore, this Court finds that even in light of Goodin and Plaintiff's alternative argument for consequential and incidental damages, that its February 11, 2005 order granting summary judgment on this issue was appropriate.[4]

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's motion for reconsideration [Doc. No. 70] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, this Court

---

provisions. "A disclaimer or modification of warranty eliminates the quality commitment. It limits the circumstances in which the seller or manufacturer may be deemed to be in breach of warranty. A limitation of remedy, on the other hand, acknowledges the quality commitment but restricts the remedy available once a breach has been established." Id. Therefore, an exclusion of damages does not violate the Magnuson-Moss Act.

[4]This Court also notes that it granted Defendant's motion for summary judgment on Plaintiff's claim for punitive damages. Because neither party has raised this issue, and this Court can find no reason why Goodin might have impacted its order on this issue, this Court will not re-evaluate this issue.

- **GRANTS** Plaintiff's motion as it relates to the implied warranty of merchantability claim;

    - This Court now **DENIES** Defendant's motion for partial summary judgment as it relates to Plaintiff's breach of the implied warranty of merchantability claim;

- **DENIES** Plaintiff's motion as it relates to the implied warranty of fitness for a particular purpose claim;

- **DENIES** Plaintiff's motion as it relates to the implied warranty of habitability claim;

- **DENIES** Plaintiff's motion as it relates to the revocation claim;

This Court's February 11, 2005 order granting summary judgment remains effective as to Plaintiff's claims for consequential and incidental damages, as well as Plaintiff's claim for punitive damages.

**SO ORDERED.**

Dated this 8th Day of April, 2005.

s/Christopher A. Nuechterlein<br>Christopher A. Nuechterlein<br>United States Magistrate Judge