UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROBERT PIZEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-286 CAN |
| | ) | |
| MONACO COACH CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

This case arises out of a claim for breach of written and implied warranties in violation of the Magnuson-Moss Warranty Act, as codified in 15 U.S.C. § 2301 et seq. On April 13, 2005, Plaintiff filed an objection to various portions of Defendant's experts' testimony. On April 14, 2005, Defendant filed a motion to exclude testimony from Plaintiff's expert. For the following reasons, Plaintiff's objection, construed as a motion to exclude expert testimony [Doc. No. 86], is **DENIED** and Defendant's motion [Doc. No. 87] is **DENIED IN PART** and **DENIED IN PART AS MOOT**.

**I.   RELEVANT BACKGROUND**

Plaintiff purchased a 2004 Holiday Rambler Endeavor motor home on July 29, 2003. Plaintiff began noticing many defects with the motor home and complained about the defects to Defendant. Although Defendant attempted to repair the motor home, Plaintiff alleged that the repairs did not adequately correct the defects.

On May 3, 2004, Plaintiff filed this action against Defendant alleging that it had breached its written and implied warranties in violation of the Magnuson-Moss Warranty Act. Pursuant to Fed. R. Civ. P. 26(a)(1), on October 22, 2004, Plaintiff disclosed that Mr. William Trimmell

USDC IN/ND case 3:04-cv-00286-CAN   document 96   filed 05/20/05   page 2 of 7

would be testifying as an expert witness as to value of the motor home based upon the condition of the motor home as stated in the repair orders.  Trimmell has nearly eight years experience as a motor home appraiser and insurance adjuster, two years as an insurance advisor and warranty repair estimator, four years as an owner of a motor home repair/body shop, and four years as a Service Manager at a motor home dealership.  After conducting a review of the Plaintiff's repair orders and a telephonic interview with Plaintiff, Trimmell opined that the top retail book value for Plaintiff's motor home was $165,200, and the estimated present value was $121,030, resulting in a $44,170 loss in value.

On December 27, 2004, Defendant disclosed that Mr. Thomas Fribley would be testifying as Defendant's expert witness as to the alleged defects and the value of the motor home.  For over twenty years, Fribley has been involved in the motor home industry dealing with either sales, repairs, warranties, or trouble-shooting.  Fribley is also a certified motor home technician.  In addition to Fribley, Defendant also disclosed that it had retained the firm of Grauvogel & Associates, specifically Laurence Grauvogel and Matthew Richards, to address the issue of mold and air quality in Plaintiff's motor home.  Since 1993, Grauvogel has provided consultation services relating to indoor air quality.  Richards has worked in the area of air quality and/or industrial hygiene since at least 1997.

Pursuant to this Court's scheduling order and the subsequent modifications, parties had until April 15, 2005, to file any objections to the opposing party's expert witness, whether based upon the witness's qualifications or the foundation of the testimony.  On April 13, 2005, Plaintiff filed an objection to various portions of Defendant's expert witnesses' proposed testimony.  Plaintiff's objections challenge the foundation of the proposed testimony.  On April 14, 2005,

2

Defendant filed a motion to exclude Trimmell's expert testimony, alleging that Trimmell's methodology for computing the value of Plaintiff's motor home did not meet the standard set forth in Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). This Court may rule on Plaintiff's objection and Defendant's motion to exclude pursuant to the parties' consent and 28 U.S.C. § 636(c).

**II.  APPLICABLE LAW**

Fed. R. Evid. 702 states as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 has liberalized the standard for qualifying as an expert witness. Wilson v. City of Chicago, 6 F.3d 1233, 1238 (7th Cir. 1993). As a threshold matter, courts must examine whether 1) the expert will testify to valid scientific knowledge, and 2) whether that testimony will assist the trier of fact in understanding or determining a fact in issue. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993); Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000) (holding that "the district court must consider whether the testimony will assist the trier of fact with its analysis of any of the issues involved in the case"). In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999), the Supreme Court held that this inquiry must be taken in all matters relating to expert testimony and not only in those which contain scientific testimony.

Courts must determine whether the expert is qualified in the relevant field and whether the methodology underlying the expert's conclusion is reliable. See Ammons v. Aramark

3

Uniform Services, Inc., 368 F.3d 809, 816 (7th Cir. 2004). A witness does not need to put forth testimony in a scientific or technical manner to be considered an expert. Tuf Racing Products, Inc. v. American Suzuki Motor Corp., 223 F.3d 585, 591 (7th Cir. 2000). Experts can be qualified to testify based upon personal experience and knowledge, so long as the experience and knowledge is reliable. Kumho Tire, 526 U.S. at 150; Smith, 215 F.3d at 718. However, offering only a bottom line conclusion does not assist the trier of fact and should not be admitted. Zenith Electronics Corp. v. WH-TV Broadcasting Corp. 395 F.3d 416, 420 (7th Cir. 2005); Lennon v. Norfolk and Western Ry. Co., 123 F.Supp.2d 1143, 1147 (N.D. Ind. 2000).

A district court must act as a "gatekeeper" to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. Ramsey v. Consolidated Rail Corp. 111 F.Supp.2d 1030, 1036 (N.D. Ind. 2000). Courts use four non-exclusive factors to help them determine reliability. They are: 1) the extent to which the theory has been or can be tested; 2) whether the theories have been subjected to peer review and/or publication; 3) the theories' known or potential rate of error; and 4) the general acceptance of the theory in the relevant scientific or professional community. Chapman v. Maytag Corp., 297 F.3d 682, 688 (7th Cir. 2002). It is not the responsibility of the trial court to determine whether the expert's opinion is correct. Smith, 215 F.3d at 719. The factual underpinnings of the analysis and the correctness of the conclusions are matters to be determined by the trier of fact. Id. at 718.

### III. PLAINTIFF'S OBJECTION TO DEFENDANT'S EXPERT WITNESSES

Although not analyzed under the Daubert framework, Plaintiff provides eight separate objections to Defendant's expert witnesses' proposed testimony. Plaintiff does not question the credentials of Defendant's witnesses, nor does he allege that the information is not valid

4

scientific knowledge.  Rather, Plaintiff's objections are largely based upon foundational issues.  The majority of Plaintiff's objections attack the credibility of the testimony by trying to establish that the experts did not have adequate information prior to making their determination.  As stated in Smith, it is not this Court's responsibility to determine the correctness of the overall opinion.  Plaintiff's objections are more properly the subject of cross-examination rather than a Daubert motion.  Consequently, Plaintiff's objection, construed as a motion to exclude under Daubert, is **DENIED**.[1]

IV.   **DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT TESTIMONY**

Defendant does not dispute, nor does this Court question that Trimmell possesses the credentials necessary to qualify as an expert witness as to the value of the motor home.  Defendant does however, assert that Trimmell's methodology used in determining the value of the motor home is unreliable because Trimmell did not test or personally evaluate the motor home to ascertain whether the alleged defects were actually present.

Trimmell was asked to complete a valuation of the motor home based on the assumption that it did indeed contain all of the defects that were listed in the repair orders.  After conducting a review of the repair orders and interviewing Plaintiff, Trimmell determined that, based upon the alleged defects, Plaintiff's motor home was worth wholesale value.  Trimmell reached this conclusion through his experience in working with wholesalers and by consulting comparable values of motor homes from various sources, including online web sites and the RV Trader.  See Trimmell Dep. pg. 16 and 18 (stating that although he cannot specifically recall doing so in this

---

[1] Plaintiff asserts that portions of Fribley's opinion contains legal conclusions.  Defendant stated in its response that to the extent the opinion does contain legal conclusions, it does not intend to introduce those portions at trial.  Thus, this objection appears to be moot.

instance, it was his practice to use RV Traders and NADA, as well as other sources to determine the value of a motor home).   Furthermore, Trimmell determined what the actual wholesale value was by referring to the NADA Professional Appraisal Guide.  Trimmell does not purport to diagnose the existence of any particular defects. See Trimmell Dep. pg. 115.  Thus, he is not opining as to the presence or severity of the defects, but as to the value of the motor home if it was indeed in the condition listed by the repair orders.

Under the Daubert framework, Trimmell's valuation methodology is reliable because he consulted sources such as the NADA and RV Trader, which are both published and highly accepted valuation techniques in the motor home industry.  Unlike the recent Seventh Circuit opinion of Zenith Electronics Corp. v. WH-TV Broadcasting Corp., 395 F.3d 416 (7th Cir. 2005), which Defendant cites, Trimmell's opinion was not purely based upon his expertise because he did not randomly assign a value to the motor home without first consulting respected publications.  In addition, the fact that Trimmell did not personally evaluate or test the motor home does not undermine the validity and reliability of the sources he consulted in making his valuation.  Although Trimmell's valuation may have been more accurate or precise if he had in fact examined the motor home and inquired into the existence of any defects, Trimmell's proposed testimony is only that if the motor home did in fact contain all of the alleged defects, it would have been worth wholesale value.

Therefore, because Trimmell made a valuation based upon his experience in the industry, and consulted various recognized and approved valuation guides, Trimmell should be allowed to testify on the issue of value because it would aid the jury in their determination of factual issues. While this Court acknowledges Defendant's arguments concerning the correctness of Trimmell's

assessment since Trimmell admitted that he did not know whether these defects had been corrected, this is an issue that Defendant is free to attack on cross-examination.  Consequently, Defendant's motion to exclude Trimmell's testimony is **DENIED**.

### V. ANCILLARY MATTERS

Defendant also requests that this Court bar Plaintiff from introducing testimony from any other expert witness because Trimmell was the only expert witness that Plaintiff has disclosed. Plaintiff responded by asserting that he did not plan on calling any other expert witnesses. Therefore, because Plaintiff has stated that he does not plan on calling any other expert witnesses, Defendant's motion as it relates to unidentified witnesses is **DENIED AS MOOT**.

### VI. CONCLUSION

For the aforementioned reasons, construing Plaintiff's objection to Defendant's expert witnesses as a motion to exclude [Doc. No. 86] this Court **DENIES** Plaintiff's motion. Defendant's motion to exclude the expert testimony of William Trimmell [Doc. No. 87] is **DENIED IN PART** and **DENIED IN PART AS MOOT**.  Trimmell may testify as to the value of the motor home.  Defendant's motion as it relates to any unidentified expert witnesses is denied as moot. Pursuant to this Court's May 6, 2005 order, Plaintiff's response to Defendant's motion for summary judgment is now due by **June 3, 2005**.

    **SO ORDERED.**

Dated this 20th Day of May, 2005.

                                               s/Christopher A. Nuechterlein
                                               Christopher A. Nuechterlein
                                               United States Magistrate Judge