UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT PIZEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | CAUSE NO. 3:04-CV-286 CAN |
| ) | |
| MONACO COACH CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

On May 3, 2004, Plaintiff Robert Pizel filed a complaint alleging that Defendant Monaco Coach Corporation breached written and implied warranties in violation of the Magnuson Moss Warranty Act. On April 14, 2004, Defendant filed a motion for summary judgment. For the following reasons, Defendant's motion [Doc. No. 88] is **DENIED IN PART** and **GRANTED IN PART**.

**I.   RELEVANT BACKGROUND**

   A.   Factual Background

The background facts of this case are laid out in further detail in this Court's February 11, 2005 order granting summary judgment. The facts most relevant to Defendant's current motion for summary judgment are that on July 29, 2003, Plaintiff purchased a 2004 Holiday Rambler Endeavor motor home that came with a limited written warranty. The limited written warranty covered defects in the manufacture of the motor home and defects in the materials used to manufacture the motor home. (Def. Exh. A-1). Under the warranty, Defendant stated that it would "repair and/or replace, at its option, any covered defect." (Def. Exh. A-1).

Shortly after Plaintiff took possession of the motor home, he began noticing many alleged defects which included a defective electrical system, plumbing, water pump, and suspension system, as well as persistent rust and mold.  Plaintiff complained to Defendant about the various defects.  Although Defendant attempted to repair the motor home, Plaintiff alleged that the repairs did not adequately correct the defects.  According to Plaintiff's expert, William Trimmell, the motor home, in its current condition, is worth wholesale value.

B.  Procedural Background

Plaintiff filed a complaint on May 3, 2004, alleging that Defendant violated the Magnuson Moss Warranty Act, as codified in 15 U.S.C. § 2301 *et seq.*  Plaintiff initially asserted that Defendant breached its written warranty, as well as the implied warranties of merchantability, fitness for a particular purpose, and habitability.  Plaintiff also alleged various violations of the Code of Federal Regulations with regards to Defendant's disclaimers.  Plaintiff sought consequential, incidental, and punitive damages, as well as revocation.

Defendant filed its first motion for partial summary judgment on September 30, 2004, and filed a renewed motion for summary judgment on October 13, 2004.  On February 11, 2005, this Court granted Defendant's renewed motion for partial summary judgment based upon the then existing Indiana law.  On February 23, 2005, due to a recently decided Indiana Supreme Court case, Plaintiff filed a motion for reconsideration, which this Court granted in part and denied in part on April 8, 2005.  After Defendant's motion for summary judgment and Plaintiff's motion for reconsideration, only Plaintiff's claims for breach of the written warranty and the implied warranty of merchantability remained.  This Court granted judgment in favor of Defendant on Plaintiff's claims for breach of the implied warranties of fitness for a particular

2

purpose and habitability, violations of the Code of Federal Regulations, and requests for consequential, incidental, and punitive damages, as well as revocation.

On April 14, 2005, Defendant filed a motion to exclude Plaintiff's expert, William Trimmell, and filed a separate motion for summary judgment. Defendant asserted that Trimmell's opinion was not reliable under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993). In its motion for summary judgment, Defendant asserted that without Trimmell, Plaintiff cannot prove his damages. Defendant also asserted that even if Plaintiff can create a genuine issue as to a material fact on the issue of damages, Plaintiff does not have sufficient evidence to proceed on his mold claims because he does not have an expert to testify as to the existence and cause of the mold. Defendant further contends that even if Plaintiff can establish the existence and cause of the mold, damages resulting from mold is a consequential damage which is explicitly excluded in the warranty.

On May 20, 2005, this Court denied Defendant's motion to exclude Trimmell's testimony, holding that Trimmell's expert opinion met the Daubert standard for reliability. Plaintiff responded to Defendant's motion for summary judgment by asserting that he does have sufficient proof of his damages and the existence of mold, and that mold is a consequential defect, not a consequential damage. This Court may rule on Defendant's motion for summary judgment pursuant to the parties' consent and 28 U.S.C. § 636(c).

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law.  Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well as draw all reasonable and justifiable inferences in favor of that party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999).  To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings.  Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986);  Robin v. Espo Engineering Corp., 200 F.3d 1081, 1088 (7th Cir. 2000).  Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

### III.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant seeks summary judgment based upon two separate theories.  First, Defendant asserts that Plaintiff cannot prove his damages.  Second, Defendant contends that even if Plaintiff can present a genuine issue of a material fact as to his damages, Defendant is entitled to summary judgment on Plaintiff's mold claims.[1]

---

[1] As the Seventh Circuit directed in Gardynski-Leschuck v. Ford Motor Comp., 142 F.3d 955 (7th Cir. 1998), this Court has carefully examined whether the $50,000 amount in controversy requirement was met.  Under the formula established in Gardynski-Leschuck, and using the valuation information provided by Plaintiff, this Court is satisfied that at the time of filing, there was at least $50,000 in controversy.

      A.      <u>A Genuine Issue of Material Fact Exists as to Plaintiff's Damages</u>

A plaintiff must prove his damages as an element of his claim. <u>Schroeder v. Barth, Inc.</u>, 969 F.2d 421, 424 (7th Cir. 1992). The measure of damages for a breach of warranty is:

> the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

Ind. Code § 26-1-2-714(2). This method for calculating damages describes the usual, standard and reasonable method of ascertaining damages in the case of breach of warranty, but it is not intended as an exclusive measure. Comment to Ind. Code § 26-1-2-714(2). Three alternative methods for calculating damages are (1) the cost of repair; (2) the fair market value of the goods as warranted less the salvage value of the goods; and, (3) the fair market value of the goods as warranted at the time of acceptance less the fair market value of the goods as received at the time of acceptance. <u>Schroeder</u>, 969 F.2d at 423-24; <u>Michiana Mack, Inc. v. Allendale Rural Fire Protection Dist.</u>, 428 N.E.2d 1367, 1371 (Ind. Ct. App. 1981).

Defendant asserts that Plaintiff is unable to prove his damages because he has not submitted any evidence regarding the cost of repair of the alleged defects. Defendant contends that Plaintiff must prove his damages under the cost of repair method because the repair or replacement of a defective part is the sole remedy provided in its written warranty. Ind Code § 26-1-2-719(1)(a) allows a seller to limit the available remedies to the repair or replacement of the defective parts. However, any limitations on the remedies are "optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy." Ind. Code § 26-1-2-719(1)(b). Contrary to Ind. Code § 26-1-2-719(b)(2), Defendant's warranty does not explicitly state that the sole remedy is the repair or replacement of a defective part, but states that

5

"warrantor will repair and/or replace, at its option, any covered defect..." In addition, Defendant has not provided any evidence suggesting that both parties agreed that the repair or replacement of a defective part would be the sole remedy. Thus, because the warranty does not expressly state that the repair or replacement of a defective part is the sole remedy, Plaintiff's damages are not limited to the repair costs.

Aside from the terms of the warranty, Defendant asserts that the preferred method for calculating damages is the cost of repair. Courts routinely use the cost of repair method to determine the applicable damages in a breach of warranty case. See e.g. Schroeder, 969 F.2d at 424; Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, 746 N.E.2d 941, 955 (Ind. 2001); Hahn v. Ford Motor Co., 434 N.E.2d 943, 955 (Ind. Ct. App. 1982). However, as stated in Michiana Mack, the cost of repair method used to determine damages is an alternative method of calculating damages under the statute. See Michiana Mack, 428 N.E.2d at 1371. Thus, although cost of repair is the method courts routinely use to determine a plaintiff's damages, under Michiana Mack and the explicit terms of the Indiana Code, it is not the only method by which a plaintiff may attempt to prove his damages. If Plaintiff can provide evidence of his damages pursuant to another method, he may be able to create a genuine issue of material fact.

Plaintiff does not dispute that he does not have evidence regarding the cost of repair for the alleged defects. However, Plaintiff asserts that, with the aid of Trimmell's expert opinion, he is able to create an issue of fact as to damages. Plaintiff, by providing the motor home's invoice showing the purchase price, has provided evidence establishing the value of the motor home if it had been as warranted at the time of acceptance. Determining the actual fair market value of the motor home as received at the time of acceptance requires a retrospective look at what defects

6

were present when the motor home was accepted.  Trimmell's opinion is that with the defects that are present, the motor home is now worth wholesale value.  Defendant asserts that Trimmell's opinion as to what the motor home is worth today is of no consequence to Plaintiff because the critical time period for determining the value of the motor home under the statute is the value of the motor at the time of acceptance.  However, if Plaintiff can establish that the same defects that are present now were indeed present when he accepted the motor home, Trimmell's testimony may be relevant and useful in determining what the fair market value of the motor home was when Plaintiff accepted it.

In addition to the statutory method for determining damages, Ind Code § 26-1-2-714 suggests that special circumstances may show proximate damages in a different amount.  In Plaintiff's complaint, he alleges that the warranty failed of its essential purpose.  In his response, Plaintiff asserts that Defendant has not been able to repair the motor home despite an unreasonable number of attempts to do so.  Although not specifically stated, it appears that this statement is Plaintiff's attempt to assert its failure of the essential purpose argument.  Because neither party has addressed this claim in their previous motions, the failure of the essential purpose claim remains pending.  Thus, if Plaintiff can convince a jury that the warranty failed of its essential purpose, then special circumstances may arise which would show proximate damages in a different amount, negating Plaintiff's need to calculate damages as provided in the statute.[2]

---

[2] In Defendant's first motion for summary judgment, when addressing Plaintiff's claims for consequential and incidental damages, Defendant touched on the issue of failure of the essential purpose.  However, Defendant did not address the merits of Plaintiff's argument, but stated that regardless, a disclaimer of consequential and incidental damages survived a failure of the essential purpose claim.  Thus, as this Court has already determined that consequential and incidental damages are not available, even if Plaintiff succeeds on a theory of failure of the essential purpose, he is estopped from arguing that he is entitled to consequential and incidental damages.

Because Plaintiff has provided expert testimony tending to support his claim for damages and because there is a question as to whether Plaintiff may be able to show proximate damages in a different amount, there is a question of fact as to the amount of Plaintiff's damages. Construing the facts in the light most favorable to Plaintiff, as the non-moving party, this Court cannot conclude that a rational trier of fact would not find that Plaintiff has established his damages. Consequently, Defendant's motion for summary judgment based upon Plaintiff's failure to prove his damages is **DENIED**.

### B. Plaintiff's Mold Claims are Claims for Consequential Damages

Regardless of how this Court rules on the issue of damages, Defendant asserts that it is entitled to judgment on all of Plaintiff's mold claims because mold is a consequential damage, which this Court previously determined is not recoverable. Defendant's warranty covers defects in the manufacture of the motor home and defects in the materials used to manufacture the motor home. (Def. Exh. A-1). The warranty, however, excludes the recovery of consequential damages. Under the Indiana Code, consequential damages resulting from a breach of warranty include any injury to a person or property proximately resulting from any breach of warranty. Ind. Code § 26-1-2-715(2)(b). Furthermore, Black's Law Dictionary defines a consequential damage as "such damage, loss, or injury as does not flow directly and immediately from the act of the party, but only from some of the consequences or results of such act." Black's Law Dictionary, Sixth Edition, 1991.

The exact character of Plaintiff's claimed mold damages is unclear and Plaintiff's memorandum does little to help clarify this issue. However, the Defendant argues that the presence of mold is a consequential damage and not a defect in the manufacture or in the

8

materials used to manufacture the motor home. Defendant argues that, assuming there was a defect in the manufacture or the materials used to manufacture the motor home, i.e. a leaking window, the direct result of the defect would be a water leak.  The mere existence of a water leak does not guarantee that mold will develop.  Rather, mold only grows as a result of moisture, food, temperature, and time.  If any one of these factors were removed, mold would not grow. Thus, mold does not flow directly and immediately from the underlying defect, the leaking window, but is a consequential damage of the resulting water leak.  Plaintiff's own response illustrates that the mold did not flow directly from Defendant's actions.  In his response Plaintiff states "...had the motor home been assembled properly there would have been no water leaks and thus no mold." (Pl. Resp. pg. 22).  This statement shows that the mold was a consequential damage of a water leak which was caused by a defect.  Accordingly, while the warranty may cover repairing the defective window, mold, as a consequential damage, is not recoverable under the unambiguous terms of the warranty.

In an attempt to avoid summary judgment on this issue, Plaintiff argues that mold is a defect, not a damage.  If Plaintiff could establish that the mold was present in the motor home when he purchased the motor home, mold may be a defect that Defendant would be liable for. However, Plaintiff has presented no evidence that the mold existed at the time he purchased the motor home.  Rather, Plaintiff's uncontested evidence reveals that although Plaintiff complained of various water leaks, the first time Plaintiff complained about the presence of mold was in the November 3, 2003 work order.  (Pl. Exh. B).  This is more than three months after Plaintiff took possession of the motor home.  Thus, Plaintiff's own evidence contradicts his claim that mold is a defect.  Since mold was not present when Plaintiff purchased the motor home, it only would

have resulted from moisture, time, and humidity, which ultimately reveals that the mold is a consequential damage and not recoverable.

Because Plaintiff has failed to create a genuine issue of fact that mold was present at the time he purchased the motor home, no rational trier of fact could find that mold was a defect and not a damage.[3]  Consequently, because this Court has already determined that consequential damages are excluded under the warranty, this Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's mold claims.[4]

## IV.  ANCILLARY MATTERS

### A.  Plaintiff's Mold Witnesses

As this Court has now determined that the presence of mold is a consequential damage which is not recoverable, any witness that Plaintiff may have had relating to the existence of mold is not relevant to the issues that will be litigated at trial. Thus, although Plaintiff asserts that Mr. Michael Matthews would be testifying as to the existence of mold, Mr. Matthews testimony at trial on the issue of mold will not be allowed.

### B.  Legal Issues that Remain in this Case

After the multiple dispositive motions in this case, two of Plaintiff's legal theories of liability remain.  The liability theories that will proceed to trial in this case are Plaintiff's claims

---

[3] Defendant apparently attached a mold addendum to its limited warranty that disclaimed any liability for damages caused by mold that may have resulted as a consequence of a defect.  Plaintiff asserts that the exclusion was unconsciousable.  However, Defendant does not seek summary judgment based upon the exclusion in the addendum, but rather based upon the explicit language in the written warranty which excludes consequential damages.  Thus, since this Court has previously determined the validity of the consequential damages exclusion, this Court need not address Plaintiff's argument.

[4] In its motion for summary judgment, Defendant also asserted that Plaintiff's mold claims should fail because he did not have an expert to establish the existence and cause of mold.  However, because mold is a consequential damage, and thus not recoverable, this Court need not address whether Plaintiff's factual witnesses would have been sufficient to establish the existence and cause of mold.

for breaches of the written limited warranty and the implied warranty of merchantability. In its motion for summary judgment, Defendant requests that this Court ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted in accordance with Fed. R. Civ. P. 56(d). Rule 56(d) only requires a court to make this determination if it is practicable to do so. This Court declines Defendant's invitation to list what material facts exist without substantial controversy as it is not practicable at this time. Parties should confer with one another to ascertain the new scope and breadth of this litigation before the final pretrial conference.

### V. CONCLUSION

For the aforementioned reasons, this Court **DENIES IN PART** and **GRANTS IN PART** Defendant's motion for summary judgment [Doc. No. 88]. Specifically, this Court **DENIES** Defendant's motion for summary judgment based upon Plaintiff's failure to prove his damages. This Court **GRANTS** Defendant's motion as it relates to Plaintiff's mold claims.

**SO ORDERED.**

Dated this 3rd Day of August, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge