UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT PIZEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:04-CV-286 CAN |
| ) | |
| MONACO COACH CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

This matter is currently scheduled for a four day jury trial to begin on September 27, 2005. On September 1, 2005, Plaintiff filed a motion *in limine.* On September 2, 2005, Defendant filed a motion *in limine*. On September 12, 2005, this Court conducted a final pretrial conference at which time it addressed the pending motions. This Court now enters the following order on the pending motions.

**I.    PLAINTIFF'S MOTION *IN LIMINE***

      A.    Plaintiff's Motion *in Limine* to Bar the Employment of Invalid Defenses

Plaintiff seeks to bar Defendant from advancing certain defenses such as failure to mitigate, unauthorized purchases, alterations, or modifications, and goodwill repairs. Plaintiff contends that Defendant has no evidence to prove these defenses. However, whether Defendant can prove these defenses is an issue that goes to the weight of the evidence. Because Defendant adequately plead the defenses in its answer, the jury should be able to decide whether Defendant has raised an issue as to any of these factors. Thus, Plaintiff's motion as it relates to Defendant's potential defenses is **DENIED**.

      B.      Plaintiff's Motion *in Limine* to Bar any Mention of Motor Home Use After the Filing of the Complaint

In addition, Plaintiff argues that Defendant should be barred from mentioning Plaintiff's use of the motor home after the filing of the complaint. Plaintiff asserts that it would be prejudicial for the jury to hear this testimony. However, in addressing monetary damages in a breach of an implied warranty of merchantability case, the court in Frantz v. Cantrell, 711 N.E.2d 856, 861 (Ind. Ct. App. 1999) stated that the plaintiff should be credited for the value and the use of the roof until the time of the trial. Therefore, testimony related to the use of Plaintiff's motor home may be relevant in assessing damages should Plaintiff prove a breach of warranty. Plaintiff's motion as it relates to testimony related to the use of the motor home is **DENIED**.

      C.      Plaintiff's Motion *in Limine* to Bar Defendant from Arguing that Repairs under the Warranty were not Performed to Remedy a Defect in Materials or Workmanship

Finally, Plaintiff, citing to Milicevic v. Fletcher Jones Imports, Ltd., 402 F.3d 912, 919 (9th Cir. 2005), alleges that repairs done under warranty are admissions of a defect. Plaintiff seeks to bar Defendant from testifying that the repairs were not done to remedy a defect. Parties do not dispute that Indiana law and the Magnuson Moss Warranty Act provide the legal authority for this case. Indiana law appears to be silent on this issue. In addition, this Court is not persuaded by Milicevic because the court did not cite to any legal authority supporting its conclusion that a repair under warranty is an admission of a defect. Rather, this Court finds that it is the more prudent course to allow both parties to fully present their evidence and let the jury determine whether there was a defect. Thus, Plaintiff's motion as it relates to testimony relating to the repair work is **DENIED.**

**II.    DEFENDANT'S MOTION *IN LIMINE***

      A.    <u>Defendant's Motion *in Limine* on the Issue of Mold</u>

In this Court's February 11, 2005 order, it held that the warranty explicitly excluded the recovery of consequential and incidental damages.  Furthermore, on August 3, 2005, this Court determined that mold was a consequential damage and was therefore excluded under the terms of the warranty. In Defendant's motion *in limine*, it asserts that all testimony related to mold should be excluded pursuant to this Court's previous rulings.  Plaintiff however, asserts that if he proves the failure of the essential purpose of the warranty, mold evidence is relevant.

At the final pretrial conference parties submitted a final pretrial order that was prepared and signed by both parties and adopted by this Court.  As part of the requirements of the final pretrial order, parties were to submit their contentions which would set forth the issues to be addressed at trial.  In Plaintiff's contentions he alleges that the motor home has multiple defects and that Defendant failed to provide a merchantable product.  In addition, Plaintiff contends that Defendant failed to successfully repair the defective product after attempting to do so and also failed to seasonably provide the Plaintiff with a conforming product within a reasonable opportunity to cure.  Nowhere in Plaintiff's contentions, or in the contested facts section, does Plaintiff contend that the warranty failed of its essential purpose.  Rather, the contentions all assert that Defendant failed to provide a merchantable product, which alleges a breach of the implied warranty of merchantability, or that Defendant did not cure the defects within a reasonable time, which alleges a breach of the written warranty, but does not specifically assert that the warranty failed of its essential purpose.

Fed. R. Civ. P. 16(e) states that "after any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of action unless modified by a subsequent order." See also Harper v. Albert, 400 F.3d 1052, 1063 (7th Cir. 2005) (holding that in order for a pretrial order to have any value as a procedural mechanism, the parties must be held to the issues set forth in that order); Gorlikowski v. Tolbert, 52 F.3d 1439, 1444 (7th Cir. 1995) (stating that "because the parties rely on the pretrial conference to inform them precisely what is in controversy, the pretrial order is treated as superseding the pleadings and establishes the issues to be considered at trial."). Because the whole purpose of Rule 16 is to clarify the real nature of the dispute at issue, a claim or theory not raised in the pretrial order should not be considered by the fact-finder. Id. See Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 1527 stating:

> the court may require the parties to reveal the theories underlying their claims or defenses, and then might preclude a party from introducing evidence on a claim or defense that is not revealed....an attempt to pursue any issue not listed in the order may be rejected by the trial court. This means that testimony or witnesses on issues not raised in the order or that were not listed before trial, if that was required by the order, may be excluded at trial. The trial court also may refuse to give an instruction to the jury on an issue not embodied in the pretrial order.

Pretrial orders may be modified to prevent manifest injustice, but if the evidence or issue was within the knowledge of the party seeking modification at the time of the conference, an amendment may not be allowed. Id.

The potential issue of failure of the essential purpose was well within Plaintiff's knowledge when he drafted his contention section, yet he failed to include it in his submission. When this Court inquired as to whether the parties agreed to the order and whether it was accurate, Plaintiff did not object. As parties both stated that the final pretrial order was sufficient

4

and adequately represented parties' positions, the order will control the course of action. Consequently, even though Plaintiff's complaint alleges the failure of the essential purpose of the warranty, because Plaintiff omitted this issue from his portion of the final pretrial order, this Court must abide by the order and determine that the failure of the essential purpose argument will not be raised at trial.  Because this Court has already determined that consequential damages, including mold, are not recoverable, Defendant's motion on the issue of mold is **GRANTED.**

      B.      Defendant's Motion *in Limine* on the NHTSA Recalls

Defendant seeks to bar the introduction of testimony related to NHTSA safety recalls. Fed. R. Evid. 407 provides

> when, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.

Because Rule 407 explicitly prohibits the safety recalls from being introduced as evidence of a defect, Defendant's motion is **GRANTED IN PART**.  However, Rule 407 allows the introduction of such evidence if it is used to prove ownership, control, or impeachment. Therefore, Plaintiff may be allowed to present evidence of the recalls for one of these purposes. Before Plaintiff may introduce this evidence, he must first notify this Court so that prejudicial evidence is not unnecessarily put before the jury.

      C.      Defendant's Motion *in Limine* on Reference to "Lemons" or "Lemon Laws"

This case involves an alleged defective motor home, which Plaintiff refers to as a "lemon."  Although Indiana has a "lemon law," that law specifically excludes motor homes.

Consequently, Defendant seeks to bar Plaintiff from using the words "lemon" or "lemon law" because the reference is prejudicial since Indiana's lemon law is not applicable to the present set of the facts. This Court does not agree that a reference to the motor home as a "lemon" would be prejudicial. Rather, the term "lemon" is a generic word used to describe defective products. Defendant's motion as it relates to the use of the words "lemon" or "lemon law" is **DENIED**.

> D. <u>Defendant's Motion *in Limine* on Defendant's Involvement in Other Lawsuits</u>

As a national corporation, Defendant has been involved other lawsuits. While Defendant does not necessarily object to Plaintiff presenting testimony from the previous lawsuits, Defendant does object to Plaintiff referencing that the testimony was procured during another lawsuit because it may be prejudicial to Defendant. This Court agrees with Defendant that referring to Defendant's other lawsuits may be prejudicial, and **GRANTS** Defendant's motion. Plaintiff may introduce the relevant testimony from the other lawsuits, and may state that the testimony is previously sworn testimony, but Plaintiff must refrain from disclosing that the testimony was obtained during the course of prior litigation.

> E. <u>Defendant's Motion *in Limine* Regarding Plaintiff's Interest or Finance Charges Incurred in Connection with the Purchase of the Motor Home</u>

Parties have stipulated as to the purchase price of the motor home which may be relevant to ascertaining Plaintiff's damages. Plaintiff purchased the motor home with an installment contract. Defendant seeks to bar the admission of evidence related to the interest and finance charges that accrued because those charges are not relevant in ascertaining Plaintiff's damages. The Indiana Supreme Court recently reaffirmed that the appropriate remedy for breach of implied warranty of merchantability is in most cases, the difference between the value of the

goods accepted and the value they would have had if they had been as warranted. Hyundai Motor America, Inc. v. Goodin, 822 N.E.2d 947, 959 (Ind. 2005). While Plaintiff contends that the interest may be used to calculate the market value of the product, this Court finds that under Indiana law, courts have routinely used the purchase price to determine the fair market value of a good. Thus, this Court finds that evidence as to the interest and finance charges is irrelevant and **GRANTS** Defendant's motion.

F.  Defendant's Motion *in Limine* on Michael Pangburn's Deposition Testimony

Defendant's last motion *in limine* relates to deposition testimony given by Michael Pangburn, Defendant's corporate counsel who drafted the warranty at issue in this case. Defendant asserts that Mr. Pangburn's testimony is nothing more than contract interpretation, which is inappropriate testimony since contract interpretation is a function of the court. Plaintiff asserts that Mr. Pangburn's testimony is necessary to prove that certain provisions in the warranty were not clear. Based upon the parties' representations, it is unclear to this Court how this proposed testimony will aid the jury in determining the facts at issue in this case. Consequently, this Court **DENIES** Defendant's motion. However, if Plaintiff seeks to introduce the testimony at trial, Defendant may raise the appropriate objection, at which time this Court will address the objection in the context of how the evidence is being presented.

### III.  CONCLUSION

For the aforementioned reasons, Plaintiff's motion *in limine* [Doc. No. 115] is **DENIED**. Defendant's motion *in limine* [Doc. No. 116] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, this Court

- **GRANTS** Defendant's motion on the evidence relating to mold;
- **GRANTS IN PART** Defendant's motion on the NHTSA recalls
    - Plaintiff may introduce evidence of the NHTSA recalls for the purposes of proving ownership, control, or impeachment provided that Plaintiff first notify this Court;
- **DENIES** Defendant's motion on the references to "lemons" or "lemon laws";
- **GRANTS** Defendant's motion on its involvement in other lawsuits;
    - Plaintiff may introduce the relevant testimony from the other lawsuits, and may state that the testimony is previously sworn testimony, but Plaintiff must refrain from disclosing that the testimony was obtained during the course of prior litigation;
- **GRANTS** Defendant's motion on Plaintiff's interest or finance charges;
- **DENIES** Defendant's motion on Michael Pangburn's testimony.

**SO ORDERED.**

Dated this 13th Day of September, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge