UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT PIZEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:04-CV-286 CAN |
| | ) |
| MONACO COACH CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND OPINION**

On May 3, 2004, Plaintiff Robert Pizel (Pizel) filed a complaint alleging that Defendant Monaco Coach Corporation (Monaco) breached written and implied warranties in violation of the Magnuson Moss Warranty Act. On September 27, 2005, this Court held a jury trial on these issues. On September 30, 2005, the jury found Monaco liable for $90,000 based on a breach of implied warranties. On October 17, 2005, Monaco filed a motion for judgment as a matter of law notwithstanding the jury verdict. In the alternative, Monaco asked for a remittitur of the damages or a new trial on the issue of damages. On January 27, 2006, this Court heard oral arguments on Monaco's motion. Monaco's motions are an attempt to set aside a jury's verdict. As such, they must be considered with great care. Only a verdict that can not be legally sustained may be set aside. For the following reasons, this court considers that Monaco's motion [Doc. No. 146] should be **GRANTED IN PART** and **DENIED IN PART**.

**I.    RELEVANT BACKGROUND**

    A.    Factual Background

The facts most relevant to Monaco's current motion for judgment as a matter of law are as follows: On July 29, 2003, Pizel purchased a 2004 Holiday Rambler Endeavor motor home

that came with a limited written warranty. Shortly after Pizel took possession of the motor home, he began noticing many alleged defects that included a defective electrical system, plumbing, water pump, and suspension system. Pizel complained to Monaco about the various defects. Although Monaco attempted to repair the motor home, Pizel alleged that the repairs did not adequately correct the defects.

B.      Procedural Background

Pizel filed a complaint on May 3, 2004, alleging that Monaco violated the Magnuson Moss Warranty Act, as codified in 15 U.S.C. § 2301 *et seq.* Pizel initially asserted that Monaco breached its written warranty, as well as the implied warranties of merchantability, fitness for a particular purpose, and habitability. Pizel also alleged various violations of the Code of Federal Regulations with regards to Monaco's disclaimers. Pizel sought consequential, incidental, and punitive damages, as well as revocation.

This Court granted several of Monaco's partial motions for summary judgment. The only issues for trial were whether Monaco was liable for a breach of an express warranty, an implied warranty of merchantability, or both. On September 27, 2005, this Court held a jury trial. The parties agreed that the motor home was purchased for $213,859.00. Pizel presented an expert who testified the vehicle was worth $121,030.00 at the time of his inspection, more than a year after Pizel accepted the motor home. The expert did not testify as to what the vehicle was worth at the time of acceptance. Pizel himself opined that the vehicle was worth less than $100,359.00 at the time of acceptance. Monaco's expert testified that the damages were most likely either $1,550 or $10,000, but at most were $11,550 based on the cost of repair. The jury

found that Monaco was not liable for a breach of express warranty but was liable for a breach of implied warranty and awarded damages of $90,000.

After the jury verdict, Monaco filed a motion for judgment as a matter of law notwithstanding the verdict.  Monaco contends that Pizel failed to prove a breach of implied warranty.  In the alternative, Monaco contends that there was not sufficient evidence presented at trial to support the damage award.  Consequently, Monaco asks for a remittitur or a new trial on the issue of damages.  This Court may rule on Monaco's motion for judgment as a matter of law pursuant to the parties' consent and 28 U.S.C. § 636(c).

## II.    STANDARD FOR JUDGMENT AS A MATTER OF LAW

During a trial, if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on an issue after a party has been fully heard on that issue, a court may determine the issue against the party.  Fed. R. Civ. P. 50(a)(1); Millbrook v. IBP, Inc., 280 F.3d 1169, 1173 (7th Cir. 2002).  Attacking a jury verdict is a hard row  to hoe, and a jury verdict should only be disturbed if it is irrational.  Sheehan v. Donlen Corp., 173 F.3d 1039, 1043 (7th Cir. 1999).  The reviewing court does not judge the credibility of witnesses or search the evidence for a preponderance as a jury would.  Futrell v. J.I. Case, 38 F.3d 342, 346 (7th Cir. 1994).  Instead, the inquiry should be whether the evidence presented based on the record as a whole, combined with all reasonable inferences drawn from that evidence, is sufficient to support the verdict when viewed in the light most favorable to the nonmoving party.  Sheehan, 173 F.3d at 1043.   There must be substantial evidence to support the jury verdict, but a mere scintilla of supporting evidence will not suffice.  Futrell, 38 F.3d at 346.

## III.   DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

3

A plaintiff must prove his damages as an element of his claim. Schroeder v. Barth, Inc., 969 F.2d 421, 424 (7th Cir. 1992). The measure of damages for a breach of warranty is:

> the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

Ind. Code § 26-1-2-714(2). This method for calculating damages describes the usual, standard, and reasonable method of ascertaining damages in the case of breach of warranty, but it is not intended as an exclusive measure. Comment to Ind. Code § 26-1-2-714(2). Three alternative methods for calculating damages are (1) the fair market value of the goods as warranted less the salvage value of the goods; (2) the fair market value of the goods as warranted at the time of acceptance less the fair market value of the goods as received at the time of acceptance; and, (3) the cost of repair. Schroeder, 969 F.2d at 423-24; Michiana Mack, Inc. v. Allendale Rural Fire Protection Dist., 428 N.E.2d 1367, 1371 (Ind. Ct. App. 1981).

First, calculating damages based on salvage value is not applicable to this case. Pizel's expert and Pizel himself opined that the motor home was worth more than salvage value. A fact finder may not award damages on the basis of conjecture or speculation. LTL Truck Serv., LLC v. Safeguard, Inc., 817 N.E.2d 664, 668 (Ind. App. 2004). While Pizel's expert offered his hypothetical opinion that the motor home would be worth salvage value or less if there were soft spots in the floor, Pizel offered no evidence that soft spots existed in the floor when Pizel purchased the motor home. Furthermore, Pizel's expert testified that soft spotting was not present when he inspected the motor home in September, 2004. The expert's hypothetical opinion is mere speculation because it was based on assumed facts, soft spots in the flooring, that did not, in fact, exist. No other evidence was offered as to the motor home being worth salvage

4

value.  Consequently, because the evidence does not support a calculation of damages based on the salvage value of the vehicle, this method of determining the measure of damages is inapplicable to sustain the $90,000 jury verdict.

The second method of calculating damages, the fair market value of the motor home as warranted at the time of acceptance less the fair market value of the motor home as received at the time of acceptance, is also not available to Pizel.  Because Pizel only offered his opinion of value at the time of acceptance, he has failed to present sufficient evidence to base damages on the fair market value at the time of acceptance.  Schroeder makes clear that more than the plaintiff's opinion of value is needed to sustain a jury verdict.  "Although . . . [a plaintiff's] opinion may be competent evidence of the value of the motor home . . . it is not sufficient to meet their burden of proving damages under any of Michiana Macks alternative methods." Schroeder v. Barth, Inc., 969 F.2d 421, 424 (7th Cir. 1992).   At the trial, Pizel gave his personal opinion the motor home was worth less than $100,359.00 when he purchased the motor home for $213, 859.00.[1]  But he failed to offer any other  evidence to corroborate his opinion as to the value of the motor home at the time of acceptance.  Consequently, because the only evidence of value at the time of acceptance was Pizel's personal opinion, he has failed to provide sufficient evidence to support a measure of damages.  Schroeder 969 F.2d at 424.

Pizel contends that his expert's opinion was further evidence that would support a basis for damages based  on a fair market value of the motor home at the time of acceptance.  However, despite Pizel's contention, the record reveals that his expert never testified to the fair

---

[1] Further undercutting the value of Pizel's personal opinion is his admission that he has no experience or training in motor home appraisal.

market value of the motor home at the time of acceptance as required by Michiana Mack.  Pizel acquired the motor home in July, 2003.  Pizel's expert did not examine the motor home until over a year later in September, 2004 and testified that the value of the motor home was worth $121,030.00 at the time of his examination.  He did not testify as to the value of the motor home at the time of acceptance.  Additionally, Pizel's expert did not testify that the defects he observed at the time of examination were also present at the time of acceptance.  In short, Pizel's expert testimony added nothing to Pizel's own opinion of the value of the motor home at the time of acceptance.  And as Schroeder makes clear, Pizel's opinion "is not sufficient to meet their burden of proving damages under any of Michiana Macks alternative methods."  969 F.2d at 424. Consequently, there is no evidentiary support for the jury's verdict under the second method of calculating damages.

Finally, the only other possible method the jury could have based Pizel's damages upon was the cost of repairs.  Even though Pizel did not present any evidence of damages based on the cost of repairs, Monaco's expert did provide such evidence.  Monaco's expert testified that the defects that existed in the motor home when he inspected it could be remedied at a cost of $1,550.00.  Furthermore, Monaco's expert testified that if the floor had to be replaced it could be replaced for as much as $10,000.  Consequently, there is evidence to support damages based on the cost of repairs, but that would be $11,550 at most.

Because there was some evidence to support a "cost of repair" theory of damages, the jury could have reasonably found that Monaco breached the implied warranty.  As a result, this Court **DENIES** Monaco's motion for judgment as a matter of law notwithstanding the jury verdict.  But the evidence can not support the $90,000 jury verdict when the most generous

estimate for cost of repairs was $11,550.  As a result, the jury verdict was clearly excessive and is not supported by the evidence.

Under Fed. R. Civ.P. 59(a), this Court may order a new trial on all or part of the issues. Additionally, a damage award that is not rationally connected to the evidence may be altered by this Court if Pizel is willing to accept the alteration.  <u>International Financial Services Corp. v. Chromas Technologies Canada Inc.</u>, 356 F.3d 731,739 (7th Cir. 2004) (citing <u>Pincus v. Pabst Brewing Co.</u>, 893 F.2d 1544, 1554 (7th Cir. 1990)).  Because Pizel failed to provide sufficient evidence to sustain the jury verdict of $90,000 based on any of the proof methods under <u>Michiana Mack</u>, this Court **GRANTS** Monaco's motion for a new trial on the issue of damages. However, Pizel may accept a remittitur of damages in the amount of $11,550, which conforms with weight of the evidence to prove damages based on the cost of repair under <u>Michiana Mack</u>.

**IV.     Conclusion**

For these reasons, this Court **DENIES IN PART** and **GRANTS IN PART** Monaco's motion for summary judgment [Doc. No. 146].  Specifically, this Court **DENIES** Monaco's motion for judgment as a matter of law because there was some evidence that Pizel was damaged based on cost of repair.  However, the $90,000 jury verdict is not supported by the evidence. Consequently, this Court **GRANTS** Monaco's alternative motion for remittitur or for a new trial on the issue of damages.   This case is now set for a telephonic status conference for **March 21, 2006 at 4:30 p.m.** (EST), to determine whether Pizel elects to accept the remittitur or whether this case should be set for retrial on the issues of damages.

The court will call all counsel listed on the docket sheet unless it is notified that specified attorneys need not be contacted.  If, at the time of the scheduled conference, you will not be at the telephone number identified on the docket sheet, notify court staff at (574) 246-8100 of the number at which you can be reached.

**SO ORDERED.**

Dated this 15th day of February, 2006.

                                                                                         s/Christopher A. Nuechterlein
                                                                                         Christopher A. Nuechterlein
                                                                                         United States Magistrate Judge